UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

THOMAS J. MASON,
          *Defendant-Appellant.*

No. 03-4238

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Margaret B. Seymour, District Judge.
(CR-01-655)

Submitted: October 31, 2003

Decided: December 5, 2003

Before MOTZ and DUNCAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Richard H. Warder, Greenville, South Carolina, for Appellant. Regan Alexandra Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Thomas Mason pled guilty, pursuant to a written plea agreement, to one count of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine, 21 U.S.C. § 846 (2000), and one count of possession with intent to distribute more than 500 grams of methamphetamine, 21 U.S.C. § 841 (2000), and was sentenced to 188 months' imprisonment, followed by five years of supervised release.

Mason's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether Mason's guilty plea was knowing and voluntary and whether the district court correctly determined Mason's sentence. Counsel concedes, however, that there are no meritorious issues for appeal. Mason has filed a supplemental pro se brief in which he also claims that: (1) the Government was required to prove whether the methamphetamine was "injectable" or "non-injectable;" (2) his attorney was ineffective for failing to raise this issue at sentencing; and (3) § 841 is unconstitutional.*

Counsel first addresses whether Mason's plea was knowing and voluntary. Our review of the record reveals that the district court fully complied with Fed. R. Crim. P. 11. The court ascertained that Mason was 43 years old, had obtained a GED, and was not under the influence of alcohol or drugs. Mason stated that he understood the charge against him, the maximum penalty that he faced (life imprisonment), the binding nature of his plea, the rights he waived by pleading guilty, the abolition of parole, and supervised release. He informed the court that he was guilty as charged and that he had not been threatened or coerced to enter a plea. Mason expressed satisfaction with his lawyer's services. The court determined that there was an independent factual basis to support the plea and entered a verdict of guilty.

Next, counsel addresses whether the district court properly deter-

---

*We grant Mason's motion to file the supplemental brief out of time.

mined Mason's sentence; he notes, however, that no objections were made at Mason's sentencing hearing. Accordingly, the standard of review is plain error. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993).

Based on a total offense level of 33 and criminal history category IV, Mason's guideline range was 188 to 235 months' imprisonment; the statutory maximum is life imprisonment. The district court's decision to sentence Mason to a term within the guideline range may not be challenged on appeal. *See United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994).

Mason first claims that the district court erred in sentencing him without first requiring the Government to prove whether the methamphetamine was "injectable" or "non-injectable." We find no merit to this claim. Next, Mason claims that his attorney was ineffective for failing to raise this claim at sentencing. Claims of ineffective assistance of counsel are not properly raised on direct appeal unless the record conclusively reveals that the defendant's representation was defective. *United States v. Vinyard*, 266 F.3d 320, 333 (4th Cir. 2001), *cert. denied*, 536 U.S. 922 (2002). Because the record does not conclusively show that Mason's counsel was ineffective, we decline to consider this issue on direct appeal.

Finally, Mason challenges the constitutionality of § 841 on two grounds: (1) that it "selectively punishes certain users of drugs, that are 'harmful' to society, while allowing other of greater harm," and (2) that it fails to show a substantial effect on interstate commerce and, therefore, violates the rule in *Lopez v. United States*, 514 U.S. 549 (1995). As to Mason's first ground, "[s]tatutes are presumed constitutional, and a law that neither creates a suspect class nor abridges a fundamental right is given only minimal equal protection scrutiny." *Faircloth v. Finesod*, 938 F.2d 513, 516 (4th Cir. 1991). Section 841 clearly survives this minimal scrutiny as there is no basis to deem Congress' actions "irrational." *Id.* at 516-17. His second ground fares no better. Indeed, this court has already considered and rejected a Commerce Clause challenge to § 841(a)(1). *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995).

Pursuant to *Anders*, this court has reviewed the record for reversible error and found none. We therefore affirm Mason's conviction

and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's motion to withdraw at this time and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*